# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TAYR KILAAB AL GHASHIYAH (KHAN),

        Plaintiff,

v.

KEVIN CARR, ET AL.,

        Defendants.

Case No. 22-CV-924-JPS

**ORDER**

        On August 12, 2022, various defendants removed this case from Kenosha County Circuit Court pursuant to 28 U.S.C. §§ 1441, 1446. ECF No. 1, and appeared through counsel, ECF No. 3. For the purpose of this Order the Court will generally refer to "Defendants" as only those defendants who have appeared in this case through counsel. These defendants include: Kevin Carr, Jon Litscher, Cathy Jess, Trina Kroening-Skime, Larry Primmer, Craig Tom, William Brown, Edward Wall, Tracy Martin, Ellen Ray, Angela Mink, Shirley Gates, Doug Engelbert, Bonnie Lind, Matthew Frank, and Cindy O'Donnell. See ECF No. 3.

        On August 23, 2022, the Court ordered Plaintiff to provide evidence of service of the defendants who have not yet appeared or otherwise explain why good cause exists to extend the Rule 4(m) deadline. ECF No. 8. Pending before the Court is Defendants' motion to dismiss, ECF No. 9, Plaintiff's motion for default judgment, ECF No. 11, Plaintiff's motion for motion for sanctions, ECF No. 12, Plaintiff's motion for service, ECF No. 15, and Plaintiff's motion to appoint counsel, ECF No. 18.

First, Plaintiff's motion for default judgment can quickly be disposed of. The Court will deny that motion because Defendants timely filed their motion to dismiss. The Court granted Defendants' motion to extend the deadline to answer until September 19, 2022. ECF No. 8. Defendants filed their motion to dismiss on that date. ECF No. 9. Federal Rule of Civil Procedure 12 alters the timeline to file an answer when a motion to dismiss is filed. *See* Fed. R. Civ. P. 12(a)(4)("Unless the court sets a different time, serving a motion under this rule alters these periods…"). Because the Court has not yet ruled on Defendants' motion to dismiss, Defendants had no obligation to file an answer to the complaint. *See id.* As such, the Court will deny Plaintiff's motion for default judgment.

Second, and as discussed below in detail, the Court will exercise its inherent authority to screen the complaint in this matter and will accordingly deny Defendants' motion to dismiss as moot. *See Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status."). As to the remaining issues, the Court will address each issue in turn. As described below, the Court finds that the complaint fails to state a claim upon which relief may be granted, denies Plaintiff's motion for service, denies Plaintiff's motion for counsel, and denies Plaintiff's motion for sanctions. The Court will grant Plaintiff leave to file an amended complaint on or before **October 4, 2023** in accordance with the guidance set forth in this Order.

1.  **SCREENING THE COMPLAINT**

The Court exercises its inherent authority to screen Plaintiff's complaint. Plaintiff has a long history of litigating frivolous claims and is no stranger to the court system. *See Ghashiyah v. Litscher*, 278 F. Appx. 654,

658–59 (7th Cir.2008); *Ghashiyah v. Litscher,* No. 03–C–839, 2004 U.S. Dist. LEXIS 30703 (E.D. Wis. Jan. 16, 2004), *aff'd, Ghashiyah v. Wis. Parole Comm'n,* No. 06–3677, 2007 WL 2140596, 2007 U.S. App. LEXIS 18034 (7th Cir. July 26, 2007); *Jones v. Borgen,* No. 89–1426, 902 F.2d 37 (7th Cir. March 30,1989); *see also Ghashiyah v. Frank,* No. 04–C–0176 (E.D. Wis. Aug. 23, 2008) (finding that al Ghashiyah has at least three strikes under § 1915(g)). Plaintiff's complaint is over fifty pages and names seventy-seven defendants. Plaintiff has undoubtedly received guidance on numerous occasions as to how to properly bring claims in federal court, and he has failed to heed that guidance. The Court finds that screening the complaint is necessary in the interest of justice and to preserve judicial resources. As discussed in detail below, the Court finds that Plaintiff's complaint violates Rule 8(a)(2) of the Federal Rules of Civil Procedure and will therefore be dismissed with leave to amend. The Court provides additional guidance as to other issues that Plaintiff should consider when drafting an amended complaint.

### 1.1 Federal Screening Standard

Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th

Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 1.2 Analysis

To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff should not plead every fact supporting his claims; he only has to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). There is a reason that the rule specifies a "short and plain" statement. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *U.S. ex rel.*

*Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). "[L]ength may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) (quoting *U.S. ex rel. Garst*, 328 F.3d 374, 378 (7th Cir. 2003)). "District judges are busy, and therefore have a right to dismiss a complaint that is so long that it imposes an undue burden on the judge, to the prejudice of other litigants seeking the judge's attention." *Id.*

The Court finds that Plaintiff's complaint violates Rule 8(a)(2) of the Federal Rules of Civil Procedure and will therefore be dismissed. The complaint does not include "a short plain statement of the claim showing that the pleader is entitled to relief," as the rule requires. Fed. R. Civ. P. 8(a)(2). Instead, the complaint is fifty-plus pages, names seventy-seven defendants, and relates to incidents that occurred over a period of time spanning nearly two decades from 2004 until 2018. The Court finds that the complaint fails to comply with Rule 8(a)(2). Therefore, the Court will dismiss the complaint. If Plaintiff wishes to proceed, he must file an amended complaint curing the deficiencies in the complaint as described herein. An amended complaint must be filed on or before **October 4, 2023**. Failure to file an amended complaint within this time period will result in dismissal of this action.

When writing his amended complaint, Plaintiff should provide the Court with enough facts to answer the following questions: (1) Who violated his constitutional rights?; (2) What did each person do to violate his rights?; (3) Where did each person violate his rights?; and (4) When did each person violate his rights? Plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it

does need to provide the Court and each Defendant with notice of what each Defendant allegedly did or did not do to violate his rights.

The Court also cautions Plaintiff of his obligation to comply with Federal Rules of Civil Procedure 18 and 20 when amending his complaint. While multiple claims against a single party are fine, a plaintiff cannot bring unrelated claims against different defendants in the same case. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); Fed. R. Civ. P. 18(a) and 20(a)(2). A plaintiff may join multiple defendants in a single case only if the plaintiff asserts at least one claim against each defendant that arises out of the same events or incidents and involves questions of law or fact that are common to all the defendants. Fed. R. Civ. P. 20(a)(2); *George,* 507 F.3d at 607; *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 683 (7th Cir. 2012) (joinder of multiple defendants in one case "is limited to claims arising from the same transaction or series of related transactions"). Here, Plaintiff's complaint likely violates Rules 18 and 20, however, it is somewhat difficult to tell since many of Plaintiff's allegations are generally pled against all of the seventy-seven named defendants. Plaintiff alleges incidents of excessive force, unconstitutional conditions of confinement, unconstitutional strip searches, due process violations, and violations of the Americans with Disabilities Act that occurred over the course of many years. The Court warns Plaintiff that he may not bring a single complaint with respect to all of his unrelated grievances while incarcerated. Plaintiff may join multiple defendants in a single case **only if** he asserts at least one claim against each defendant that arises out of the same events or incidents and involves questions of law or fact that are common to all the defendants. Plaintiff's amended complaint must comply with Rules 18 and 20 in order to proceed.

Finally, the Court provides guidance regarding the statute of limitations for § 1983 claims. It appears that most, if not all, of Plaintiff's § 1983 claims may be barred by the statute of limitations. Actions brought under § 1983 which accrued prior to April 5, 2018, have a six-year statute of limitations in Wisconsin, and actions which accrued after April 5, 2018, have a three-year statute of limitations in *Wisconsin. Huber v. Anderson*, 909 F.3d 201, 207 (7th Cir. 2018) (citing 2017 Wis. Act 235 (eff. Apr. 5, 2018)) (reducing applicable statute of limitations from six to three years). The Court advises Plaintiff to consider these limitation periods when drafting an amended complaint.

The Court is enclosing a copy of its amended complaint form. Plaintiff must list all of the defendants in the caption of his amended complaint. He should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, Plaintiff may use up to five additional sheets of paper.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If the amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915A.

Page 7 of 18
Case 2:22-cv-00924-JPS    Filed 09/13/23    Page 7 of 18    Document 19

## 2. MOTION FOR SERVICE

On August 23, 2022, the Court ordered Plaintiff to provide evidence of service of the defendants who have not yet appeared or otherwise explain why good cause exists to extend the Rule 4(m) deadline. ECF No. 8 at 2. The Court warned Plaintiff that the failure to do so would result in dismissal of any unserved defendants without prejudice and without further notice. *Id.* On October 17, 2022, Plaintiff filed a motion for service, ECF No. 15, and Defendants filed a brief in opposition on November 4, 2022, ECF No. 17.

Plaintiff references the formal agreement between the Attorney General and the district court "to accept service on behalf of all named respondent/defendant(s) as state officials and/or employee(s) without individual service on parties by allowing the clerk's office to supply an original copy of petition/complaint(s) directly upon attorney general office." ECF No. 15 at 1. Defendants respond that Plaintiff misconstrues the service agreement and that it does not apply to this case. ECF No. 17. First, the agreement is inapplicable because it applies to *prisoners* and Plaintiff was out of custody before he filed this lawsuit. *Id.* at 2. Defendants maintain that the Department of Justice does not have any agreement to waive formal service requirements for "anyone other than plaintiffs who are currently incarcerated, and whose complaints have been screened by a Wisconsin district court and emailed to the Attorney General's Office." *Id.*

Here, the Court exercises its discretion and declines to order service on the remaining sixty defendants.[1] Plaintiff is not authorized to proceed *in forma pauperis* under 28 U.S.C. §1915, and therefore is not automatically

---

[1] The Court does not include Defendant Jane Doe in this count.

entitled to marshal service. *See* Fed. R. Civ. P. 4(c)(3). Although Plaintiff does not explicitly request marshal service under Rule 4, the Court liberally construes his motion as he is proceeding pro se. In considering whether marshal service is appropriate, the Court must exercise its discretion in preserving United States marshal resources. Plaintiff has failed to provide reasoning to the Court's satisfaction that marshal service is warranted in this instance. Plaintiff is no stranger to the judicial system and has been a prolific filer throughout Wisconsin for many years. More significantly, as indicated by the Seventh Circuit Court of Appeals, "Al Ghashiyah has a long history of litigating frivolous claims." *al Ghashiyah v. Frank*, 302 F. App'x 471, 472 (7th Cir. 2008); *see also Ghashiyah v. Frank,* No. 04–C–0176 (E.D. Wis. Aug. 23, 2008) (finding that al Ghashiyah has at least three strikes under § 1915(g)). Moreover, as explained above, the Court finds that the complaint fails to state a claim upon which relief may be granted; marshal service would therefore be futile, and a waste of United States marshal resources at this time. Given Plaintiff's lack of sufficient justification for marshal service and his lengthy history of frivolous cases, the Court declines to exercise its discretion to order marshal service under Rule 4. The Court therefore denies Plaintiff's motion for service. If Plaintiff chooses to file an amended complaint in accordance with the Court's guidance in this Order, Plaintiff will bear the responsibility of serving the amended complaint on any defendants who have yet to be served and who have not yet appeared through counsel.

3. **MOTION TO APPOINT COUNSEL**

The Court will deny Plaintiff's motion for the appointment of counsel. As a civil litigant, Plaintiff has "neither a constitutional nor statutory right to a court-appointed attorney." *James v. Eli*, 889 F.3d 320, 326

(7th Cir. 2018). However, under 28 U.S.C. § 1915(e)(1), a "court may request an attorney to represent any person unable to afford counsel." A court should seek counsel to represent a plaintiff if: (1) he has made reasonable attempts to secure counsel; and (2) "'the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it.'" *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc)). Whether to appoint counsel in a particular case is left to a court's discretion. *James*, 889 F.3d at 326; *McCaa v. Hamilton*, 893 F.3d 1027, 1031 (7th Cir. 2018).

While framed in terms of a plaintiff's capacity to litigate, this discretion must also be informed by the realities of recruiting counsel in this District. When a court recruits a lawyer to represent a pro se party, the lawyer takes the case pro bono. Unlike a lawyer appointed to represent a criminal defendant during her prosecution, who is paid by the government for the work, an attorney who takes a prisoner's civil case pro bono has no promise of compensation.

It is difficult to convince local lawyers to take such cases. Unlike other districts in this Circuit, *see, e.g.*, L.R. 83.35 (N.D. Ill.), the Eastern District of Wisconsin does not employ an involuntary appointment system for lawyers admitted to practice in the District. Instead, the District relies on the willingness of lawyers to sign up for the Pro Bono Attorney Panel and, once there, accept appointments as needed. *See* Pro Bono Program, *available at*: http://www.wied.uscourts.gov/pro-bono-program.

The District is grateful to the lawyers who participate in the Pro Bono Program, but there are never enough volunteers, and those who do volunteer rarely take more than one or two cases a year. This is understandable, as many are already busy attending to fee-paying clients.

Although the Pro Bono Program does provide for payment of certain litigation expenses, it does not directly compensate a lawyer for his or her time. Participants may seek attorney's fees when permitted by statute, such as in successful § 1983 cases, but they will otherwise go unpaid. The small pool of attorneys available to this District for pro bono appointments stands in stark contrast to that of the Court of Appeals, which regularly recruits counsel from across the nation to represent pro se plaintiffs on appeal. *See, e.g.*, *James*, 889 F.3d at 323 (appointing counsel from Washington, D.C. to represent the pro se appellant); *McCaa*, 893 F.3d at 1029 (same).

Additionally, it must be remembered that, when a court determines that counsel recruitment is appropriate, it can take months to locate a willing lawyer. This delay works to the detriment of all parties and contravenes Congress's instruction in Federal Rule of Civil Procedure 1 that district courts must endeavor to secure the "just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Thus, looming large over each request for counsel are a court's ever-more-limited time and resources.

With these considerations in mind, the Court returns to the question presented: whether counsel can and should be recruited to represent Plaintiff at this stage in this case. First, a court asks whether the litigant has made "reasonable" efforts to obtain her own representation. *Pruitt*, 503 F.3d at 655; *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). It is a question not often litigated; many district court judges either overlook arguably unreasonable efforts at obtaining counsel, or they impose eminently practical requirements such as the submission of evidence demonstrating that the prisoner has tried and failed to secure representation from several lawyers. *See, e.g.*, *Kyle v. Feather*, No. 09-cv-90-bbc, 2009 WL 2474627, at *1 (W.D. Wis. Aug. 11, 2009).

The first element of *Pruitt* is fairly easy to satisfy, but it is not toothless, and it is not a mere technical condition of submitting a certain number of rejection letters. If it was, then a Wisconsin prisoner litigating a § 1983 action could submit rejection letters from ten randomly selected criminal defense lawyers from Nevada and call his work complete. This cannot be. The purpose of the reasonable-efforts requirement is to ensure that if a court and private lawyers must expend scarce resources to provide counsel for a prisoner, he has at least made a good-faith effort to avoid those costs by getting a lawyer himself. To fulfill this duty, a pro se prisoner should reach out to lawyers whose areas of practice suggest that they might consider taking his case. If he learns that some of the lawyers he has contacted do not, he should reach out to others before he concludes that no one will help him.

Plaintiff has some submitted evidence that he contacted attorneys to represent him in the matter. ECF No. 18. Plaintiff includes two letters to attorneys seeking legal representation but does not include any responses. *Id.* The Court finds Plaintiff's efforts minimal at best as he has not shown evidence of contacting a civil rights attorney who may be able to actually take on his case. However, even assuming Plaintiff met the first prong, the Court would nonetheless deny the request based on the second prong as discussed below.

Plaintiff's request must also succeed on the second *Pruitt* question: whether the difficulty of the case exceeds his capacity to coherently present it. This assessment must be made in light of the particular capabilities and circumstances presented by each pro se litigant. *James*, 889 F.3d at 326–27. The Court of Appeals explains:

> The second step is itself grounded in a two-fold inquiry into both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself. The inquiries are necessarily intertwined; the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand. Ultimately, the question is not whether a lawyer would present the case more effectively than the pro se plaintiff; if that were the test, district judges would be required to request counsel for every indigent litigant. Rather, the question is whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself. Notably, this inquiry extends beyond the trial stage of the proceedings. The relevant concern is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty. This includes all of the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial.

*Id.* (citations and quotations omitted). While a court need not address every concern raised in a motion for appointment of counsel, it must address "those that bear directly" on the individual's capacity to litigate his case. *McCaa*, 893 F.3d at 1032.

The balancing contemplated in the second *Pruitt* step must be done against the backdrop that district courts cannot be expected to appoint counsel in circumstances which are common to all or many prisoners. *See Bracey v. Grondin*, 712 F.3d 1012, 1017–18 (7th Cir. 2013); *Pruitt*, 503 F.3d 647, 656 (observing that the Seventh Circuit has "resisted laying down categorical rules regarding recruitment of counsel in particular types of cases"); *Harper v. Bolton*, 57 F. Supp. 3d 889, 893 (N.D. Ill. 2014). Doing so would place untenable burdens on court resources. It would also turn the

discretion of § 1915(e)(2) on its head, making appointment of counsel the rule rather than the exception.

Several pronouncements from the Court of Appeals appear to be in tension with this principle. First, the Seventh Circuit notes that "complexity increases and competence decreases as a case proceeds to the advanced phases of litigation." *James*, 889 F.3d at 327. It deems the "[a]dvanced phases" to include those from discovery onward. *Id.*; *McCaa*, 893 F.3d at 1032. But nearly every prisoner case proceeds to discovery, as the district court applies exceedingly lenient review during initial screening.

Second, the Seventh Circuit instructs that district courts should evaluate a prisoner's competency irrespective of the involvement of a "jailhouse lawyer." *McCaa*, 893 F.3d at 1033; *Walker v. Price*, No. 17-1345, 2018 WL 3967298, at *5 (7th Cir. Aug. 20, 2018). How courts should do this is not clear. A court rarely knows whether a filing was prepared by the plaintiff or someone helping him. And if a court does know that the plaintiff is receiving help, how can it assess his ability to litigate without knowing which portions of the filings are his work, and which come from the jailhouse lawyer? In *Walker*, the court determined that the inmate's work product decreased in quality after his jailhouse lawyer was transferred to another prison. 2018 WL 3967298, at *6. Yet a savvy prisoner, looking to secure counsel for himself, could do this on purpose, crafting his filings to downplay his own litigation capabilities. A court would have no way to assess whether the inmate is sandbagging it.

Finally, the Court of Appeals indicates that claims involving the state of mind of the defendant, such as those involving deliberate indifference, are particularly complex. *James*, 889 F.3d at 327–28; *McCaa*, 893 F.3d at 1032. Yet a government official's culpable mental state is the foundation for most

constitutional claims. Indeed, it is often the defining characteristic that sets § 1983 claims apart from their state-law tort analogues. Deliberate indifference is essential to nearly all claims of cruel and unusual punishment, excessive force, mistreatment of medical needs, and First Amendment and due process violations. *See Kingsley v. Henderson*, 135 S. Ct. 2466, 2473 (2015); *County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Hambright v. Kemper*, 705 F. App'x 461, 462 (7th Cir. 2017); *Milton v. Slota*, 697 F. App'x 462, 464 (7th Cir. 2017) ("*[N]egligently* inflicted harm does not amount to a constitutional violation.") (emphasis in original). Taken together, these claims comprise the vast majority of prisoner litigation in this District. If state-of-mind issues are generally beyond the ability of most pro se litigants to prove, then a court likely would need to appoint counsel in nearly every prisoner case. This is plainly impossible.

The guiding rule has always been that appointment of counsel is the exception rather than the rule in pro se prisoner litigation. Yet a confluence of all-too-common circumstances—discovery, jailhouse lawyers, and claims concerning state of mind—militate in favor of the appointment of counsel. As the list of reasons to appoint counsel grows, the reasons not to do so shrink. This District's resources have not kept pace.

Against this backdrop, the Court finds that Plaintiff has not presented sufficient evidence and argument showing that he cannot litigate or try this matter competently on his own. In his motion, Plaintiff indicates that he has limited knowledge of the law, that he is indigent, that he has mental health issues, and that this case is too complex to proceed without counsel. ECF No. 18.

It is true, as Plaintiff intuits, that a lawyer would be helpful in navigating the legal system; trained attorneys are of course better positioned to successfully litigate cases. But Plaintiff's lack of legal training brings him in line with practically every other prisoner or former prisoner litigating in this Court. Thus, ignorance of the law or court procedure is generally not a qualifying reason for appointment of counsel.

Additionally, Plaintiff's current location outside prison renders him greater ability to fact-find and interview witnesses; confined prisoners typically have more difficulty with this aspect as their movement is necessarily restricted by imprisonment. Plaintiff may now have access to free online legal resources (at either a public library or community center), such as https://scholar.google/ which permits searches of federal case law, and to law libraries, including the one at the Milwaukee federal courthouse. Plaintiff may also seek limited assistance from the Eastern District of Wisconsin Bar Association Federal Legal Assistance Program. Plaintiff may start this process by completing the online form at https://edwba.org/form.php?form_id=15. As such, the Court finds that Plaintiff has not demonstrated that his case is exceptional to require counsel, and the Court will therefore deny Plaintiff's motion to appoint counsel at this time.

4.  **MOTION FOR SANCTIONS**

Plaintiff's brief in opposition to the motion to dismiss also seeks sanctions against defense counsel in his response brief, ECF No. 12. The Court denies Plaintiff's motion for sanctions.

Plaintiff provides baseless allegations that defense counsel is "attempting to commit a fraud upon the court" by arguing that his § 1983 claims are barred by the statute of limitations." *See* ECF No. 12 at 3. The

Court will not waste its resources on this nonsensical argument. Defending one's clients and disagreement over the law is not sanctionable conduct, period. Plaintiff's right to bring the claims in this case is important. Equally important, however, is Defendants' right to defend themselves. As such, the Court denies Plaintiff's motion for sanctions.

5. **CONCLUSION**

The Court finds that Plaintiff's complaint fails to state a claim upon which relief may be granted and grants him leave to file an amended complaint in accordance with the guidance in this Order on or before **October 4, 2023**. If Plaintiff fails to timely file an amended complaint, this case will be dismissed for the failure to state a claim. The Court denies Defendants' motion to dismiss as moot and denies Plaintiff's motion for default judgment, motion for service, motion for sanctions, and motion to appoint counsel.

Accordingly,

**IT IS ORDERED** that the complaint fails to state a claim;

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint that complies with the instructions in this Order on or before **October 4, 2023**. If Plaintiff files an amended complaint by the deadline, the Court will screen the amended complaint under 28 U.S.C. § 1915A. If Plaintiff does not file an amended complaint by the deadline, the Court will dismiss this case based on his failure to state a claim;

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss, ECF No. 9, be and the same is hereby **DENIED as moot;**

**IT IS FURTHER ORDERED** that Plaintiff's motion for default judgment, ECF No. 11, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for sanctions, ECF No. 12, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for service, ECF No. 15, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel, ECF No. 18, be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner amended complaint form and a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 13th day of September, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge