# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TAYR KILAAB AL GHASHIYAH (KHAN),

          Plaintiff,

v.

KEVIN CARR, BRIAN FOSTER, ANTONY MELI,
JON E. LISTCHER, CATHY JESS, MATTHEW
FRANK, MONICA HORNER, MARC W.
CLEMENTS, TIMOTHY HINES, PHIL
KINGSTON, R. EDWARDS, JERMORE
SWEENEY, GARY ANICARIO, TIM HERMON,
TRINA KROENING-SKIMA, DAVID GARNER,
BRIAN KOOL, CHRISTINE BEERKIRCHER,
SARAH MASON, JOHN DONALD, M. HARPER,
K. LINJER, DANIEL WESTFIELD, JAILOR HILL,
JAILOR PRIMMER, JAILOR HASSELL, JAILOR
FISCHER, JEFFERY GARBELMEN, JAILOR L.
BROWN, DONALD STRAHOTZ, B. LIND,
JAILOR TOM, GERALD KONDOZ, JAILOR
HANFIELD, JAILOR BRUDAS, WILLIAM
BROWN, CHARLES FACKTOR, JAILOR
BOISEN, CINDY O'DONNELL, JAILOR
MARTIN, ELLEN RAY, JAILOR FINNERY,
SHIRLEY GATES, BRUCE MURASKI, CRAIG
DAY, JAILOR COOK, MS. WALTER, A.
JOHNSON, T. CLARK, JAILOR ROEITILOE, A.
NAGLE, ANGELA MINK, C. MORRISON, JOHN
BRETT, ANGELA HANSON, LINDA OATMAN,
K. LATHROP, J. MARBACH, L. STAGEMAN,
DOUG ENGELBERT, L. HOPP, C. RADTKE,
POEITEBER, D. MERWIN-JOHSON, J.
STRASSER, K. SPLETTER, JOHN PARISON,
CATHERINE KAUTESON, TODD EVER, JANE
DOE, PETER ROE, and DEPARTMENT OF
CORRECTIONS,

          Defendants.

Case No. 22-CV-924- JPS

# ORDER

On August 12, 2022, various defendants removed this case from
Kenosha County Circuit Court pursuant to 28 U.S.C. §§ 1441, 1446. ECF No.

1, and appeared through counsel, ECF No. 3. On September 13, 2023, the Court exercised its inherent authority to screen Plaintiff's complaint. ECF No. 19. In doing so, the Court found that the complaint violated Federal Rule of Civil Procedure 8, provided additional guidance, and allowed Plaintiff the opportunity to file an amended complaint. *Id.*

Plaintiff filed an amended complaint on October 19, 2023. ECF No. 22. For the reasons explained in the Court's prior screening order, the Court again exercises its inherent authority to screen the amended complaint. *See Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status.").

1.      **FEDERAL SCREENING STANDARD**

Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has

facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## 2.     ANALYSIS

To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff should not plead every fact supporting his claims; he only has to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). There is a reason that the rule specifies a "short and plain" statement. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). "[L]ength may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) (quoting *U.S. ex rel. Garst*, 328 F.3d 374, 378 (7th Cir. 2003)). "District judges are busy, and therefore have a right to dismiss a complaint that is so long that it imposes an undue burden on

the judge, to the prejudice of other litigants seeking the judge's attention." *Id.*

Plaintiff's amended complaint does not cure the deficiencies identified in the Court's previous screening order, and the Court will accordingly dismiss the amended complaint for violating Rule 8(a)(2) of the Federal Rules of Civil Procedure. Although Plaintiff has shortened the complaint's length, the same issues previously identified remain in the amended complaint. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Twombly*, 550 U.S. at 555; Fed. R. Civ. P. 8(a)(2). Plaintiff fails to do so here.

Instead, Plaintiff names over seventy defendants and references incidents occurring over two decades, from 1995 to 2021. *See, e.g.*, ECF No. 22 at 23. The amended complaint fails to identify specific actions by each named defendant, and instead refers generally to "defendants" and describes their alleged constitutional actions on unknown dates. *See, e.g., id.* at 11 ("[E]ach and every named defendant(s) between the solar years of 2007 thru 2021 subjected the undersigned to torture and cruel and inhumane treatment and degrading treatment to include medical and scientific experimental without his consent."); *id.* at 12 ("[E]ach and every named defendant(s) intentionally failed to provide medical treatment where jailor's intentionally used chemical agent…"). The amended complaint is filled with conclusory statements that fail to provide the Court with sufficient information that any named defendant is liable for the conduct alleged.

The Court has carefully reviewed Plaintiff's allegations in an attempt to discern any claim that might be able to go forward; however, "a lawsuit is not a game of hunt the peanut." *See Greer v. Bd. of Educ. of City of Chi.*, 267

F.3d 723, 727 (7th Cir.2001). And "this branch of the court has neither the time nor the resources to engage in what might be charitably described as an archeological dig or truffle hunt." *Sinthasomphone v. Ally Fin. Inc.*, No. 21-CV-863-JPS, 2022 WL 1486512, at *1 (E.D. Wis. May 11, 2022); *see also United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir.1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). As such, the Court finds that the amended complaint fails to state a claim upon which relief may be granted.

### 3.    CONCLUSION

The Court finds that the amended complaint fails to state a claim upon which relief may be granted. Plaintiff was already provided the opportunity to amend his complaint based on the Court's guidance in the initial screening order, and the Court therefore finds that further amendment would be futile. *See Runnion ex rel. Runnion v Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015).[1] As such, the Court is obliged to dismiss this action with prejudice.

Accordingly,

**IT IS ORDERED** that this case be and the same is hereby **DISMISSED with prejudice** for the failure to state a claim**.**

The Clerk of Court is directed to enter judgment accordingly.

---

[1]Plaintiff has a long history of litigating frivolous claims and is no stranger to the court system. *See Ghashiyah v. Litscher,* 278 F. Appx. 654, 658–59 (7th Cir.2008); *Ghashiyah v. Litscher,* No. 03–C–839, 2004 U.S. Dist. LEXIS 30703 (E.D. Wis. Jan. 16, 2004), *aff'd, Ghashiyah v. Wis. Parole Comm'n,* No. 06–3677, 2007 WL 2140596, 2007 U.S. App. LEXIS 18034 (7th Cir. July 26, 2007); *Jones v. Borgen,* No. 89–1426, 902 F.2d 37 (7th Cir. Mar. 30, 1989); *see also Ghashiyah v. Frank,* No. 04–C–0176 (E.D. Wis. Aug. 23, 2008) (finding that al Ghashiyah has at least three strikes under § 1915(g)). Plaintiff has undoubtedly received guidance on numerous occasions as to how to properly bring claims in federal court, and he has failed to heed that guidance.

Case 2:22-cv-00924-JPS    Filed 03/20/24    Page 5 of 6    Document 23

Dated at Milwaukee, Wisconsin, this 20th day of March, 2024.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he/she will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he/she must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his/her appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he/she will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he/she demonstrates that he/she is in imminent danger of serous physical injury. *Id.*

Under limited circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.